IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2013

**STATE OF TENNESSEE v. DAVID EUGENE BREEZEE**

**Direct Appeal from the Circuit Court for Benton County**
**No. 10-CR-45      C. Creed McGinley, Judge**

---

**No. W2013-00798-CCA-R3-CD - Filed October 21, 2013**

---

The appellant, David Eugene Breezee, was convicted by Benton County Circuit Court juries of two counts of rape of a child and two counts of incest. On appeal, the appellant contends that his effective thirty-two-year sentence is excessive. Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Guy T. Wilkinson, Camden, Tennessee, for the appellant, David Eugene Breezee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Senior Counsel; Hansel Jay McCadams, District Attorney General; and James E. Williams, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The record reflects that in June 2010, the appellant was indicted in count 1 for rape of a child, a Class A felony; in counts 2 and 4 for incest, a Class C felony; and in count 3 for rape, a Class B felony. The charges involved two different victims, both of whom were the appellant's stepdaughters, and the offenses in counts 1 and 2 were severed from the offenses in counts 3 and 4.

The appellant was tried for counts 3 and 4 in April 2011. At trial, the victim of those

offenses testified that on February 24, 2010, the appellant "came into her bedroom, pinned her against the wall, and put his hand down her pants and that he 'play[ed]' with her vagina, 'sticking his fingers inside [her].'" State v. David Eugene Breezee, No. W2011-01231-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 484, at **10-11 (Jackson, Dec. 28, 2012). The victim's sister and her sister's boyfriend testified that when the victim's sister opened the bedroom door, they saw that the appellant had the victim pinned against the wall and had his hand down her pants. Id. at **8, 9-10. A jury convicted the appellant of rape and incest as charged. After a sentencing hearing, the trial court merged the incest conviction into the rape conviction and sentenced the appellant to ten years in confinement. See id. at *1.

The appellant was tried for counts 1 and 2 in August 2011. At trial, the victim of those offenses testified that one night in 2007, when she was twelve years old, she awoke with her shorts and undergarment on the floor and the appellant's tongue in her vagina. See State v. David Eugene Breezee, No. W2011-02186-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 1080, at *9 (Jackson, Dec. 26, 2012). She tried to push him away, but he held her so she could not move and told her to "shh." Id. The appellant stopped performing oral sex on the victim when the victim's mother walked into the room. Id. at *10. The victim's mother testified that she walked in on the appellant performing oral sex on the victim. Id. at *8. A second jury convicted the appellant as charged. After a sentencing hearing, the trial court merged the incest conviction into the rape of a child conviction and sentence him to twenty-five years in confinement. See id. The trial court ordered that the appellant serve the twenty-five-year sentence consecutively to the ten-year sentence for a total effective sentence of thirty-five years. See id.

The appellant appealed his convictions and sentences. This court affirmed his conviction and sentence for rape of a child in count 1, reinstated his incest conviction in count 2, and remanded the case to the trial court for resentencing as to both counts. David Eugene Breezee, No. W2011-02186-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 1080, at *2. Shortly thereafter, this court affirmed his conviction and sentence for rape in count 3, reinstated his incest conviction in count 4, and remanded the case for resentencing on count 4. See State v. David Eugene Breezee, No. W2011-01231-CCA-R3-CD, 2012 Tenn. Crim. App. LEXIS 484, at *2.

At the resentencing hearing, Douglas Needs testified that he and the appellant became friends in 2000. He stated that the appellant's cases were based on "a lot of hearsay" and that there was "a lot of railroading on" the appellant. He said that the appellant had always been honest, hardworking, easygoing, and easy to get along with. He described the appellant as "a good person, God fearing, God loving" and said that he thought the appellant was of high character. He stated that he did not think the appellant was guilty of the offenses and that the

appellant's prior sentences were too harsh. On cross-examination, Needs acknowledged that he was not present for most of the appellant's trials. Nevertheless, he maintained that he did not think the appellant abused the victims.

According to the appellant's presentence report, the then thirty-eight-year-old appellant was divorced and a high school graduate.[1] In the report, he described his mental and physical health as "fair" and stated that he did not abuse alcohol or use illegal drugs. The appellant also stated in the report that he worked as a roofer for Wade Dortch Roofing from April 2008 to April 2010 and October 2002 to October 2007 and that he worked as a truck driver for Werner Enterprises from October 2007 to February 2008. The appellant attached a handwritten statement to the report in which he stated that he did not commit the offenses and that his stepdaughters lied about the abuse because they did not want the family to move from Big Sandy, Tennessee.

The trial court reviewed the presentence report and noted that the appellant had prior convictions for writing bad checks but otherwise had no significant criminal history. The court stated that although the victims had not received counseling for the abuse, they would experience "emotional turmoil" for the rest of their lives. The trial court described the testimony at the appellant's trials as "very, very strong testimony concerning the acts" and described the victims' testimony as "extremely persuasive." Addressing Needs, the trial court stated, "You should have heard what I heard and you wouldn't be shaking your head sideways, you'd be going up and down, saying you need to give this man as much time as you can possibly give him." Regarding the rape of a child conviction in count 1, the trial court stated that "the appropriate sentence considering all factors as well as the evidence produced at the trial of the case, the circumstances of the offense, he shall be sentenced to twenty-two years." The trial court noted that although the maximum punishment for a Range I offender convicted of a Class A felony was twenty-five years, it was not going to order that sentence because "I think it would appear vindictive if I did so." The court ordered that the appellant serve the sentence consecutively to the previous ten-year rape sentence in count 3. The trial court sentenced the appellant to serve five years for the incest convictions in counts 2 and 4 and ordered that they be served concurrently with each other and concurrently with the sentences in counts 1 and 3 for a total effective sentence of thirty-two years.

## II. Analysis

The appellant contends that his sentences are excessive because the trial court reduced his sentence for the rape of a child conviction by only three years from the maximum in the

---

[1]Although State did not introduce the presentence report into evidence, the State had introduced the report into evidence at the appellant's prior hearings.

range and reduced his sentences for the incest convictions by only one year from the maximum in the range. He contends that although the trial court justified the sentences by finding that the victims would be affected emotionally for the rest of their lives, the victims never received counseling and that the trial court failed to take into account Needs's testimony. The State argues that the trial court properly sentenced the appellant. We agree with the State.

Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, our supreme court recently announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a "presumption of reasonableness."" State v. Bise, 380 S.W.3d 682 (Tenn. 2012). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also State v. Ashby, 823 S.W.2d 166, 168 (Tenn. 1991). The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

Although the trial court should also consider enhancement and mitigating factors, the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; Bise, 380 S.W.3d at 698 n.32. We note that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." State v. Carter, 254 S.W.3d 335, 345 (Tenn. 2008). In other words, "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." Id. at 345-46. "[They are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

Turning to the instant case, the trial court noted that the appellant had prior convictions for writing bad checks but gave that fact very little, if any, weight. See Tenn. Code Ann. § 40-35-114(1). However, the court's comments during the resentencing hearing demonstrate that it accredited the victims' testimony and that it was greatly troubled by the facts of their cases. The trial court even indicated that it contemplated ordering a lengthier sentence for the rape of a child conviction. Given that the trial court sentenced the appellant in a manner consistent with the purposes and principles of the Sentencing Act, we will not disturb the appellant's sentences.

### III.  Conclusion

Based upon the record and the parties' briefs, we affirm the judgments of the trial court.

_____

NORMA McGEE OGLE, JUDGE